## Guth et al., Appellants, *v.* Butterwick.

*Real estate—Contracts for sale of real estate—Marketable title —Wills—Interpretation.*

A testator devised property to his two grandchildren with remainder to their surviving children, and in default of such survivors, one-half of the said property to the heirs and next of kin of his wife and one-half to his own heirs and next of kin, and directed that advertisement should be made for said heirs and if claim was not made by an heir within 16 months following, he should be forever debarred from receiving any part of the estate. One grandchild died without issue and the other died leaving issue.

*Held,* that under the intestate laws the lineal descendants were the heirs and next of kin, and the same persons being the lineal descendants of the testator and of his wife, the property descended to the children of the surviving grandchild.

The lineal descendants having taken the property under the will and the intestate laws it was necessary to produce evidence to establish their status. But because evidence must be produced to prove the heirs of the deceased owner, or those constituting the class, it cannot be held that the owners thus seized and in possession by virtue of the intestate laws, or under the will, cannot enforce a contract to sell and convey a fee simple title, clear of all liens and encumbrances, or a marketable title thereto.

Argued December 6, 1920. Appeal, No. 246, Oct. T., 1920, by plaintiffs, from judgment of C. P. Lehigh County, Jan. T., 1918, No. 120, for defendant in case tried by the court without a jury in suit of Charles F. Guth, Minnie K. Guth, Nan C. Ewing and Boyd R. Ewing v. Harry A. Butterwick. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit to recover balance due on an agreement for the sale of real estate. Before GROMAN, P. J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the defendant for $1,253.50. Plaintiffs appealed.

*Errors assigned* were in dismissing exceptions to various requests for findings of fact and conclusions of law, and the judgment of the court.

*Lawrence Rupp,* of *Butz & Rupp,* for appellants.—The burden of proving that the title was defective was on the defendant. To enable the vendor to recover the purchase money it is only necessary to tender a deed, not the whole chain of title: Kester v. Rockel, 2 W. & S. 365; Espy v. Anderson, 14 Pa. 308; Crawford v. Murphy, 22 Pa. 84; Lippincott v. Moodie, 1 W. N. C. 14; Winton Coal Co. v. Pancoast Coal Co., 170 Pa. 437; Herzberg v. Irwin, 92 Pa. 48.

*James L. Schadt,* and with him *Dewalt & Heydt,* for appellee.

OPINION BY KELLER, J., March 5, 1921:

The plaintiffs, on April 10, 1917, agreed in writing with the defendant to sell and convey to him in fee simple, by deed of general warranty, clear of all liens and encumbrances, two certain lots of land in the City of Allentown, for the consideration of $15,000 of which $500 was paid at the signing of the agreement, $2,500 was to be paid on delivery of the deed, (which was to be within ninety days thereafter), and the balance was to be secured by a purchase-money mortgage. The plaintiffs duly tendered the defendant a general warranty deed in fee simple for the premises, which the defendant refused to accept, because, he alleged, it did not convey a fee simple title, clear of all liens and encumbrances. This action in assumpsit for the balance of the purchase money followed. The case was tried by the court without a jury under the Act of 1874. The court concluded that the plaintiffs had not shown in themselves, at the date of the tender of the deed, a fee simple title, clear of all liens and encumbrances, and entered judgment for the defendant for the money paid by him on account of the purchase price and the expenses of counsel in examining the title. Plaintiffs appealed.

The controversy arises out of the will of Jacob Bitz, who at the time of his death in 1866 was the owner in fee simple of the real estate in suit. The material clauses of the will are as follows:

"I give and devise unto my granddaughter, Mary Ann, intermarried with Tilghman Kramer, the house and lot where I formerly resided, situate on Ninth street, in the said Borough of Allentown, together with the rents, issues and profits thereof, during her natural life, and after her death to her surviving children forever."

"I give and devise unto my grandson, Henry Guth, the house and lot of ground adjoining on the north the first

above devised lot, together with rents, issues and profits thereof, during his natural life, and after his decease to his lawful children (if any) forever—and in case one or both of my grandchildren shall die without lawful issue then in that or either case the said house and lot or houses and lots of ground shall be given and devised as follows, to wit: One half to the heirs and next of kin on my side and the other half to the heirs and next of kin on the side of my deceased wife, agreeably to the intestate laws of the Commonwealth of Pennsylvania, notice whereof shall be given in one or more newspapers printed in the County of Lehigh, and any of the heirs not making claim for such legacy within sixteen months after such notice being given shall be (forever) debarred of receiving any part thereof, and further, should my grandson, Henry Guth, be deceased before my death, then in that case the whole of the legacy or legacies herein bequeathed to my said grandson, Henry Guth, shall descend and be divided as above stated, that is, one half to the heirs and next of kin of my side, and the other half to the heirs and next of kin on the side of my deceased wife, according to law, due notice to be given as aforesaid."

It was proven at the trial, without dispute, that testator's grandchildren, Mary Ann Kramer and Henry Guth, both survived him; that Mary Ann Kramer died in 1913, a widow, without issue, and that Henry Guth died in 1896 leaving as his lawful children and only issue, Charles F. Guth, Nan C. Ewing and George H. Guth; that George H. Guth and wife conveyed their undivided right, title and interest in the premises to Nan C. Ewing, (wife of Boyd R. Ewing), and Minnie K. Guth, (wife of Charles F. Guth), by deed dated February 17, 1915, and duly recorded; that Jacob Bitz was married but once; that his wife was not married to any one but him and that she had no issue except by her husband, Jacob Bitz; and that Mary Ann Kramer and

Henry Guth, who were sister and brother, were the only issue surviving him when Jacob Bitz died.

The real dispute in the case is over the ownership of the house and lot devised to Mary Ann Kramer for life; the house and lot given to Henry Guth for life was specifically devised in remainder to his lawful children, (represented by the plaintiffs), in fee.

The learned judge of the court below found, as a conclusion of law, that the plaintiffs have title to the half interest in said real estate as the heirs and next of kin of Jacob Bitz, and that the other half interest vested in the heirs and next of kin of his deceased wife agreeably to the intestate laws; but he also stated he was unable to find who were the heirs of his deceased wife, it being admitted that no notice relative to the heirs had been printed in one or more newspapers in the County of Lehigh, as directed in the will.

If Mrs. Jacob Bitz left lineal heirs, we are not concerned with finding her collateral relations, for "agreeably to the intestate laws" of this Commonwealth, the real estate would descend to her lineal heirs to the exclusion of collaterals.

The children or issue of a man and his wife are lineal descendants of both, and if neither has been married to another spouse, nor has children except by such lawful spouse, the issue of the one is the issue of the other, and the lineal heirs of the one are the lineal heirs of the other; in other words, their lineal heirs are the same.

This was the case here. The facts being as above set forth, the lineal heirs of Jacob Bitz were also the lineal heirs of his wife, and hence they took title to both half interests, or the whole, and not merely the one-half.

The will did not make the devise to the heirs of Jacob Bitz and his wife conditioned on notices being published in one or more newspapers in Lehigh County, but only directed that, such notice being published, if claim was not made by an heir within sixteen months following he should be forever debarred "of receiving any part there-

of." The provision is, in any event, very indefinite for it does not direct who shall give the notice nor state how claim shall be made "for such legacy," the "legacy" being a devise of unconverted real estate.

It was probably intended for a distribution among collateral heirs, in default of lineal descendants, and serves to show that the heirs were to be determined as of the date of death of the life tenant, but it cannot operate to defeat, or render unmarketable, a title established by the lineal heirs so determined. For the lineal heirs of both Jacob Bitz and his wife to go through the form of an advertisement to bar collaterals would have been a vain and useless thing.

Under the evidence in the case, if, as the court below found, the plaintiffs are the heirs and next of kin of Jacob Bitz, they are by the same token, the heirs and next of kin of his wife as well, for they are (excluding their own children), the only living lineal descendants of both of them. They were, therefore, at the time of making the agreement with defendant the owners of the entire title and interest in such real estate as was vested in Jacob Bitz at the time of his death, which, the court found, was a fee simple.

The testimony required to establish the plaintiffs' status as the heirs of Jacob Bitz and his deceased wife was no different than is necessary in any case where land is inherited under the intestate laws, or a devise is made to a class. It has never been held in such cases that because evidence must be produced to prove the heirs of the deceased owner, or those constituting the class, the owners thus seized and in possession by virtue of the intestate laws, or under the will, cannot enforce a contract to sell and convey a fee simple title, clear of all liens and encumbrances, or a marketable title, thereto.

The assignments of error are sustained except the seventh, which is informal. The judgment is reversed and the record remitted to the court below with direc-

tions to enter judgment for the plaintiffs for the balance of the unpaid purchase money, with interest from July 10, 1917, and taxes for 1917, $188.03, conditioned on the plaintiffs, upon payment thereof, delivering to the defendant a warranty deed for said premises in fee simple, clear of liens, etc., and paying the mortgage encumbering the same as provided in said agreement.